Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Mark Ankcorn (166871)
ANKCORN LAW FIRM, PC
11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600
(619) 684-3541 fax
*mark@ankcorn.com*

Attorneys for Plaintiff Linda Gregory

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Linda Gregory**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Diversified Consultants, Inc.**, a corporation,<br><br>Defendant. | Case No. '14CV1714 JLS  NLS<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

## Introduction

1. Linda Gregory ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Diversified Consultants, Inc. ("Defendant"), and their agents with regard

Complaint—1

to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt, causing Plaintiff damages.

2. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 47 U.S.C. § 227, 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendants' violations of the following: the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 *et seq*. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that Plaintiff resides in this District, Defendant transacts business in this District and the acts giving rise to this action occurred in this District.

**Parties**

6. Plaintiff is a natural person who resides in San Diego, California and is a third party to a consumer debt as that term is addressed in 15 USC § 1692c(b).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency and a Florida corporation operating from an address of 10550 Deerwood Park Blvd., Suite 309, Jacksonville, Florida 32256, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

Complaint—2

8. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

**Factual Allegations**

9. At all times relevant, Plaintiff was an individual residing within the State of California.

10. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

11. Plaintiff is informed and believes that a third party identified as "Ryan" is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 USC § 1692a(3).

12. Plaintiff is informed and believes that Ryan is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Ryan and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

13. 15 U.S.C. § 1692a(5) sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes. Plaintiff is informed and believes that Ryan incurred the alleged debt for personal, family, or household purposes, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

14. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. Plaintiff is informed and believes Ryan is a natural person who allegedly incurred financial obligations due or owing, and therefore meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

Complaint—3

15. Defendant's various communications with Plaintiff discussed in this Complaint all fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

16. Plaintiff is informed and believes Ryan fell behind and defaulted on the payments allegedly owed on the alleged debt.

17. Plaintiff is informed and believes, and thereon alleges, that subsequent to Ryan defaulting on the alleged debt, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

### *Illegal Auto-Dialed Collection Calls*

18. Beginning in April, 2013, Defendant and its agents called Plaintiff's cellular telephone on numerous occasions without her prior express consent, using telephone equipment that meets the definition of an "automatic telephone dialing system" as set out in the TCPA and regulations.

19. Plaintiff is a subscriber to cellular telephone services, including the number ending in 5478, where she received calls from Defendant.

20. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by "Ryan."

21. The calls continued throughout August, 2013.

22. In total, Defendant and its collectors and agents made more than eighty (80) calls to Plaintiff's cellular telephone in an attempt to collect on this debt. None of the calls were made with Plaintiff's express consent.

23. All calls and messages were sent in willful violation of the TCPA, FDCPA, and RFDCPA as Defendant never obtained prior express consent from Plaintiff, and had no basis to believe that they had prior express consent from Plaintiff.

24. Upon good faith information and belief, Defendant employed the use of a predictive dialer in making all or some of the calls complained of herein as

Complaint—4

Plaintiff heard pre-recorded messages as well as long pauses or silence when she answered the phone.

25. Upon information and belief, Defendant used the services of a company called "Livevox" to aid them in making all or some of the calls complained of herein.

26. Plaintiff never provided her cellular telephone number to Defendant or its collectors and did not have any business with Defendant, before or after these calls.

27. Defendant's actions constituted unauthorized use of, and interference with Plaintiff's cellular telephone service associated with the number ending in 5478 for which Plaintiff paid money.

28. Plaintiff was charged money for each call Defendant made to Plaintiff's cellular phone.

29. Plaintiff felt frustrated and helpless as a result of the calls. The unrelenting, repetitious calls disrupted Plaintiff's daily activities and peaceful enjoyment of her personal and professional life.

30. On multiple occasions, Defendant placed as many as three calls in one day interrupting her personal and professional life in an attempt to collect a debt that she was in no way associated with. The natural consequence of Defendant's illegal and repetitious calls, was to annoy, harass, oppress, or abuse Plaintiff and therefore violates 15 U.S.C. §§ 1692d, 1692d(5), and Cal. Civ. Code § 1788.11(d).

31. Defendant's engagement in illegal conduct to collect a debt, namely placing calls in violation of the TCPA, is unfair and unconscionable and therefore violates 15 U.S.C. § 1692f.

32. In violating 15 U.S.C §§ 1692d, 1692d(5), and 1692f, Defendant's actions also violated Cal. Civ. Code § 1788.17.

Complaint—5

**First Claim for Relief—Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)(1)**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Within a four-year period immediately preceding this action, Defendant made at least 80 calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA.

35. As a direct and intended result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

36. Defendant did not have prior express consent from Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

37. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

38. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

39. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

**Second Claim for Relief—Fair Debt Collections Practices Act**
**15 USC § 1692 *et seq*.**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 *et seq*.

Complaint—6

42. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Third Claim for Relief—Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**

43. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

44. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

45. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

**Fourth Claim for Relief—Invasion of Privacy by Intrusion Upon Seclusion**

46. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

47. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

48. Defendant interfered intentionally and/or, negligently, physically or otherwise with the solitude, seclusion, private concerns, and affairs of Plaintiff, namely, by repeatedly calling Plaintiff's cell phone in an effort to collect a debt that didn't belong to her. Defendant's conduct invaded Plaintiff's right to privacy and seclusion.

49. Defendant's engagement in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

50. Defendant's conduct impacted Plaintiff's professional and personal life causing feelings of anger, frustration, helplessness, and stress.

51. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant in an amount to be determined at trial.

**Jury Trial Demand**

52. Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.
///

**Prayers for Relief**

Wherefore, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

1. An injunction against the calling of Plaintiff's cellular telephone by Defendant and its contractors, agents and employees;
2. Damages pursuant to 47 U.S.C. § 227(b)(3);
3. Damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Damages pursuant to Cal. Civ. Code § 1788.17;
5. Damages pursuant to Cal. Civ. Code 1788.30;
6. Actual damages for Defendant's tortious intrusion upon seclusion;
7. Costs of litigation and reasonable attorneys' fees;
8. Such other and further relief as the Court may deem just and proper

Dated:   July 21, 2014          Law Offices of Roberto Robledo

/s/ Roberto Robledo

Ankcorn Law Firm, PC

/s/ Mark Ankcorn

Attorneys for Plaintiff Linda Gregory